1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**CASEY L. HACKER,**

Plaintiff,

v.

**MICHAEL R. HACKER,**

Defendant.

1:15-cv-01258 JAM MJS

**FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

(ECF No. 14.)

I.     **INTRODUCTION**

Defendant Michael R. Hacker moves the Court pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss *pro se* Plaintiff Casey L. Hacker's complaint for lack of subject matter jurisdiction and for failing to state a claim upon which relief can be granted. For the reasons stated below, it is recommended that Defendant's motion be granted without prejudice, and Plaintiff be provided an opportunity to amend.

II.    **FACTUAL AND PROCEDURAL BACKGROUND**

As alleged in the First Amended Complaint ("FAC"), Plaintiff's claims arise out of a dispute over the distribution of the estate of Plaintiff's and Defendant's parents. According to the FAC:

1

1    Plaintiff Casey Hacker and Defendant Michael Hacker are brothers. (FAC ¶ 9.)

2  Their mother, Ramona Hacker, passed away in 1982. (FAC ¶¶ 11-14.) At that time her

3  interest in roughly 3,000 acres in Fresno County, California, and in the Sierra Mountain

4  foothills, were placed in various trusts. (Id.) Plaintiff's and Defendant's father, James

5  Hacker, was named trustee of the trusts. Plaintiff alleges that when his father dies, the

6  assets of the trusts are to be distributed in equal share to him and his three siblings or

7  their issue, then living.[1] (Id.) It appears that Plaintiff's father, James Hacker, was still

8  alive as of the date of filing of this action.

9    In 2013, Plaintiff developed serious medical issues and asked Defendant and his

10  father for financial assistance for medical care. (FAC ¶¶ 20-27.) Defendant agreed to

11  loan Plaintiff $15,000 so that Plaintiff could go to Thailand for treatment. (Id.) Defendant

12  and his father were to provide Plaintiff certain parcels of the trust real estate to be sold to

13  fund his medical expenses.

14    Plaintiff traveled to Thailand on September 28, 2013, but was advised by Thai

15  doctors that the necessary treatment would cost $25,000. (FAC ¶ 32-38.) Plaintiff

16  contacted Defendant and requested additional funds. (Id.) Defendant refused, leaving

17  Plaintiff in a foreign country with insufficient funds for necessities or medical care. (Id. at

18  ¶ 38-39.)

19    On March 19, 2015, Plaintiff filed the instant federal complaint alleging claims for

20  fraud and breach of contract. (ECF No. 1.) On July 20, 2015, Plaintiff filed a FAC, the

21  operative complaint in this matter, adding an additional claim for Federal wire fraud to his

22  claims of fraud and breach of contract. (ECF No. 7.)

23    On August 21, 2015, Defendant filed a motion to dismiss the complaint for lack of

24  subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), failure to state a claim upon

25  which relief can be granted under Fed. R. Civ. P. 12(b)(6) with regard to the wire fraud

26  claim, and  failure to join an indispensable party under Fed. R. Civ. P.  12(b)(7).  (ECF

27
    ───────────────
    [1] Plaintiff also claims that another parcel of real property held in trust is to be distributed solely to
28  him upon the passing of his father. (Id. at 16.)

2

1 No. 14.) Plaintiff filed an opposition to the motion on September 8, 2015, and Defendant

2 filed a reply on September 11, 2015. (ECF Nos. 20-21.) On September 16, 2015, the

3 Court took the matter under submission without oral argument. (ECF No. 22.)

4 Accordingly, the matter stands ready for adjudication.

5 **III.     DISCUSSION**

6         **A.     Legal Standard**

7                 1.       Federal Rule of Civil Procedure 12(b)(6)

8         A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims

9 alleged in the complaint. See Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1484 (9th

10 Cir. 1995). When reviewing a motion to dismiss for failing to state a claim, the court must

11 "accept as true all of the factual allegations contained in the complaint," Erickson v.

12 Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam)

13 (citation omitted), and may dismiss the case "only where there is no cognizable legal

14 theory or an absence of sufficient facts alleged to support a cognizable legal theory."

15 Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010)

16 (citation & quotation marks omitted). When a complaint presents a cognizable legal

17 theory, the court may grant the motion if the complaint lacks "sufficient factual matter to

18 state a facially plausible claim to relief." Id. (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S.

19 Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). A claim has facial plausibility when a plaintiff

20 "pleads factual content that allows the court to draw the reasonable inference that the

21 defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citation

22 omitted).

23         When evaluating such a motion, the court must accept all material allegations in

24 the complaint as true, even if doubtful, and construe them in the light most favorable to

25 the non-moving party. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct.

26 1955, 167 L. Ed. 2d 929 (2007); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th

27 Cir. 1996). "[C]onclusory allegations of law and unwarranted inferences," however, "are

28 insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash.

1   Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996).

2                   2.        Federal Rule of Civil Procedure 12(b)(1)

3          A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter

4   jurisdiction over the claims asserted. Fed. R. Civ. P. 12(b)(1). Plaintiff bears the burden

5   of establishing subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of

6   Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A motion to dismiss

7   for lack of subject matter jurisdiction may be made on the grounds that the lack of

8   jurisdiction appears from the "face of the complaint," or may be based on extrinsic

9   evidence apart from the pleadings. Warren v. Fox Family Worldwide, Inc., 328 F.3d

10   1136, 1139 (9th Cir. 2003).

11                   3.        Granting Leave to Amend

12          If a court dismisses a complaint under Rule 12(b)(6), it must then decide whether

13   to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court

14   should grant leave to amend even if no request to amend the pleading was made,

15   unless it determines that the pleading could not possibly be cured by the allegation of

16   other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations & quotation

17   marks omitted). "Dismissal of a *pro se* complaint without leave to amend is proper only if

18   it is absolutely clear that the deficiencies of the complaint could not be cured by

19   amendment." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (citation

20   omitted).

21   **B.**    **Analysis**

22                   1.        Subject Matter Jurisdiction

23          Plaintiff concedes in his opposition to the motion to dismiss that he has not

24   established diversity jurisdiction under 28 U.S.C. § 1332.[2] However, he contends that

25            [2] It appears that complete diversity does not exist. Plaintiff does not contest Defendant's

26   allegations that he is a United States citizen currently residing in the Kingdom of Thailand. (FAC ¶ 1.) If he is 'stateless,' i.e. an "American citizen who live[s] overseas," that status destroys diversity jurisdiction. See

27   Lee v. Am. Nat'l Ins. Co., 260 F.3d 997, 1004 (9th Cir. 2001) (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, (1989)). If Plaintiff is not permanently residing in Thailand, it appears he was and

28   would remain a resident of California where Defendant resides. Thus, in no case presented is there the
                                                  (continued…)

1    federal question jurisdiction is established based on his claim for wire fraud under 18

2    U.S.C. § 1343. (Opp'n at 2-3.)

3        Federal courts have original jurisdiction over "all civil actions arising under the

4    Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Unfortunately,

5    Plaintiff does not have standing to present a claim of criminal wire fraud.

6        The party seeking relief in a federal court action "bears the burden of showing that

7    he has standing for each type of relief sought." Summers v. Earth Island Inst., 555 U.S.

8    488, 129 S.Ct. 1142, 1149, 173 L. Ed. 2d 1 (2009). In addition to constitutional standing

9    under Article III, a plaintiff must demonstrate prudential standing, i.e., that "plaintiff has

10    been granted a right to sue by the statute under which he or she brings suit." City of

11    Sausalito v. O'Neill, 386 F.3d 1186, 1199 (9th Cir. 2004).

12        With respect to the only federal claim raised in Plaintiff's pleading, courts have

13    consistently found that mail and wire fraud statutes do not confer a private right of action.

14    See, e.g., Wilcox v. First Interstate Bank, 815 F.2d 522, 533 n.1 (9th Cir. 1987) ("there is

15    no private right of action for mail fraud under 18 U.S.C. § 1341") (Boochever, J.,

16    dissenting); Wisdom v. First Midwest Bank of Poplar Bluff, 167 F.3d 402, 407-408 (8th

17    Cir. 1999) (finding no private right of action exists under either mail or wire fraud

18    statutes); Napper v. Anderson, 500 F.2d 634, 636 (5th Cir. 1974) ("The wire fraud act, 18

19    U.S.C. § 1343, is closely analogous to the mail fraud statute, 18 U.S.C. § 1341, and

20    likewise evidences no intent of Congress to grant additional federal question jurisdiction

21    in civil cases"). Since Plaintiff cannot state a claim directly under the wire fraud statute,

22    his first claim for relief must be dismissed. Without his claim for wire fraud, Plaintiff has

23    not alleged a viable cause of action raising a federal question, and he lacks subject

24    matter jurisdiction to proceed with this action in federal court.

25        2.      Leave to Amend

26        The question remains whether Plaintiff should be granted leave to amend. Here,

27

(…continued)

28   complete diversity required for diversity jurisdiction.

1  Plaintiff lacks jurisdiction to proceed in federal court, and further, lacks standing to
2  present a claim for criminal mail fraud in a civil action. Plaintiff has not shown that the
3  complaint could be cured by amendment. <u>Weilburg</u>, 488 F.3d at 1205. However, out of
4  an abundance of caution and deference to Plaintiff's pro se status, the Court
5  recommends that Petitioner be provided an opportunity to amend to attempt to show
6  federal jurisdiction.

7  **IV.    RECOMMENDATION**

8        Accordingly, it is hereby recommended that the motion to dismiss be granted and
9  the complaint be dismissed with leave to amend.

10       This Findings and Recommendation is submitted to the assigned District Judge,
11  pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after
12  being served with the Findings and Recommendation, any party may file written
13  objections with the Court and serve a copy on all parties. Such a document should be
14  captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply
15  to the objections shall be served and filed within fourteen (14) days after service of the
16  objections. Plaintiff is advised that failure to file objections within the specified time may
17  waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834,
18  839 (9th Cir. 2014).

19
20  IT IS SO ORDERED.

21    Dated:    <u>December 15, 2015</u>        /s/ *Michael J. Seng*
22                                              UNITED STATES MAGISTRATE JUDGE
23
24
25
26
27
28